```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT


Robert A. Sabin,               )
                               )
        Plaintiff,             )
                               )
   v.                          )    Case No. 2:13-cv-18
                               )
Fletcher Allen Health          )
Care,                          )
                               )
        Defendant.             )
```

## OPINION AND ORDER

On January 25, 2013, *pro se* plaintiff Robert Sabin filed an application to proceed *in forma pauperis* and a proposed Complaint. Magistrate Judge Conroy reviewed Sabin's filings, and in an Order dated February 4, 2013, found both to be insufficient. Accordingly, the Magistrate Judge allowed Sabin 30 days in which to: (1) either submit a new *in forma pauperis* application or pay the $350 filing; and (2) file a new Complaint. The Magistrate Judge also warned that failure to file a new Complaint might result in dismissal of the case.

Over 30 days have passed since the Magistrate Judge's Order, and Sabin has not submitted anything further to the Court. Accordingly, and for reasons set forth below, this case is DISMISSED without prejudice.

## Factual Background

In his proposed Complaint, Sabin alleges that Defendant Fletcher Allen Health Care ("FAHC") has "abused me and my gover[n]ment for the last time." He claims that he has been "unable to work," and that he "had to go to FAHC 3 or 4 times to make sure when hav[]ing a hard time breathing at home calling 911 to FAHC to talk to a doctor to get a[n] x-ray." These are the sole allegations against FAHC.

Sabin's *in forma pauperis* application provides no financial information aside from the fact that he is unemployed. Specifically omitted from the form is any information about Sabin's last date of employment; his current source(s) of income; other assets; dependents; or monthly expenses.

## Discussion

Where a plaintiff seeks leave to proceed *in forma pauperis*, the Court must determine whether he has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee. In addition, the Court must consider whether the causes of action stated in the Complaint are, among other things, frivolous or malicious, or if they fail to state a claim upon which

2

relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Court first reviews Sabin's financial information. In considering the instant motion, the Court notes that the *in forma pauperis* statute, 28 U.S.C. § 1915(a), excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor."  It is not necessary for a litigant to show that he is "absolutely destitute" in order to obtain the benefits of the statute.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  It is instead sufficient for the litigant to demonstrate that paying court costs would deprive him of the "necessities of life."  *Id.*; *see Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

Sabin's affidavit does not demonstrate his alleged poverty.  While his assertion of unemployment suggests the possibility of poverty, the Court requires additional information in order to determine whether paying the filing fee would jeopardize his ability to provide himself and any dependents with the "necessities of life."  *Id.*  The Court therefore agrees with the Magistrate Judge's prior ruling, and in light of Sabin's failure to submit either an amended

3

affidavit or the filing fee, dismissal without prejudice is warranted.

Furthermore, the proposed Complaint is insufficient. While "a court is obliged to construe [*pro se*] pleadings liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), those pleadings must still meet the notice requirements of Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 8; *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," as the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

In this case, it is not clear how FAHC caused Sabin harm. Although it appears that Sabin sought medical care at FAHC, he has not provided sufficient facts to put FAHC on notice of either the nature of his claims or the grounds for such claims. Furthermore, there is no suggestion of a federal cause of action, as the allegations – even when given the required liberal reading – suggest only the possibility of a state law negligence claim. Without a

4

federal cause of action, the Court lacks jurisdiction to hear this case. *See* 28 U.S.C. § 1332.

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)). In this case, the Magistrate Judge has already provided Sabin with that opportunity in the form of leave to file an Amended Complaint. Sabin has failed to avail himself of that leave. He has also failed to either supplement his *in forma pauperis* affidavit or pay the filing fee. In light of Sabin's inaction, this case is DISMISSED without prejudice.

Finally, the Court certifies that any appeal from this Order would not be taken in good faith, as Sabin's pleading lacks any arguable basis in law or fact, and permission to pursue an appeal of this Opinion and Order *in forma pauperis* is denied. *See* 28 U.S.C. § 1915(a)(3); *see also Seimon v. Emigrant Savs. Bank (In re Seimon)*, 421 F.3d 167, 169 (2d Cir. 2005).

## Conclusion

For the reasons set forth above, this case is DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2013.

<pre>
                              /s/ William K. Sessions III
                              William K. Sessions III
                              Judge, United States District Court
</pre>